## Ex Parte Morales.

Apelación procedente de la Corte de Distrito de Humacao.

No. 707.—Resuelto en octubre 31, 1911.

Declaratoria de Herederos—Sentencia de Filiación por Consentimiento del Demandado—Transacción.—Dictada sentencia de filiación por consentimiento del demandado, el hijo ilegítimo reconocido, declarado tal por la sentencia, solicitó ser declarado único heredero de su padre ilegítimo. El tribunal negó esta declaratoria. de herederos fundándose en que dicha sentencia por consentimiento equivalía a una transacción de estado civil prohibida por la ley y que por lo tanto dicha sentencia carecía de eficacia legal alguna. En apelación, este tribunal resolvió que examinada dicha sentencia a la luz de la ley y de la opinión de los tratadistas de derecho civil, no aparece con toda claridad que fuera el resultado de la transacción que la ley prohibe y que por tanto no debió negársele eficacia legal al ser presentada como prueba en los procedimientos sobre declaratoria de herederos.

Id.—Ataque Colateral de una Sentencia.—El consentimiento del demandado equivale al allanamiento del mismo a las pretensiones del demandante, o a que el demandado acepta expresamente como ciertos los hechos expresados en la demanda, y una sentencia dictada sobre la base del consentimiento, allanamiento, o aceptación de los hechos de la demanda, por una corte con jurisdicción sobre la materia y sobre las partes, es válida y no puede ser atacada colateralmente.

Insuficiencia de la Prueba—Condición de Hijo Natural.—Examinada la prueba en este caso, el Tribunal Supremo resolvió que la peticionaria debió alegar y demostrar que su hijo tenía además la condición de natural reconocido y que no existían otros herederos de su padre, o al menos que se desconocía la existencia de otros herederos, todo lo cual podía justificarse con la prueba de testigos que conocieran las relaciones de familia del supuesto padre natural y que merecieren crédito a la corte.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José G. Torres.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Claudina Morales presentó una petición jurada a la Corte de Distrito de Humacao solicitando que se declarara heredero abintestato de José Ignacio Esterás y Rivera a su hijo natural reconocido habido con la peticionaria llamado José Marcelino Esterás y Morales.

En la solicitud se alegó que el reconocimiento de José Marcelino se hizo por sentencia de la Corte de Distrito de Huma-

cao, presentándose como prueba una copia certificada de dicha sentencia que en lo pertinente, dice así:

"*Claudina Morales* v. *Isidoro Estcrás et al.*  Reconocimiento de Filiación.  Hoy 22 de mayo de 1909, compareció el abogado José G. Torres por la demandante en esta acción y da lectura a una moción en la que acepta la proposición de la parte demandada representada por el abogado Enrique López Díaz, esta última parte consiente en que se dicte sentencia por la cual se declare que José Marcelino, hijo de la demandante es hijo de José Ignacio Esterás.  La corte oída la moción y el acuerdo de las partes ordena que se dicte sentencia a favor de la demandante y por tanto decreta que José Marcelino, hijo de Claudina Morales, sea, y es por la presente tenido como hijo ilegítimo reconocido de José I. Esterás."

No se practicó prueba testifical y sometido el caso a la corte, ésta lo resolvió por la siguiente orden:

"El día 16 de febrero de 1911, en despacho compareció el abogado José G. Torres a nombre de la parte en el arriba titulado caso, solicitando de la corte se declare a José Marcelino Esterás Morales, único universal heredero de José Ignacio Esterás Rivera fallecido en Caguas el día 23 de enero de 1908, como hijo reconocido del mismo, justificando tal reconocimiento con la certificación de una sentencia dictada el día 22 de mayo de 1909, por la Corte de Distrito de Humacao.  *Por cuanto*, dicha sentencia fué dictada según en la misma se expresa por acuerdo de las partes, y en tal concepto no puede considerarse por el juez que provee de eficacia legal alguna al efecto de acreditar la filiación de José Marcelino Esterás, toda vez que las declaraciones de estado civil, no pueden hacerse por transacciones o mutuo acuerdo entre las partes.  *Por cuanto*, tampoco se ha justificado que dicho José Marcelino Esterás, pueda ser el único heredero del finado José Ignacio Esterás y Rivera.  *Por tanto*, la corte declara sin lugar la solicitud de Claudina Morales sobre declaratoria de herederos de José Ignacio Esterás Rivera, a favor de José Marcelino Esterás Morales."

Veamos en primer término si la conclusión a que llegó el Juez de la Corte de Distrito de Humacao sobre la falta de eficacia de la sentencia dictada por la propia corte en el pleito sobre reconocimiento de filiación, es o nó correcta.

El artículo 1713 del Código Civil revisado establece que no se puede transigir sobre el estado civil de las personas.

La transacción, según la define el propio Código Civil revisado en su artículo 1711, es un contrato por el cual las partes, *dando, prometiendo o reteniendo cada una alguna cosa,* evitan la provocación de un pleito o ponen término al que había comenzado.

Todos los tratadistas, dice el Sr. Manresa en sus "Comentarios al Código Civil," tomo 12, página 100, están conformes en que los caracteres del contrato de transacción y los que propiamente le determinan son los cuatro siguientes:

1°. El ser *accesorio.*

2°. El ser *consensual.*

3°. El ser *bilateral;* y

4°. El ser *oneroso.*

Examinada la sentencia dictada por la Corte de Distrito de Humacao en el pleito sobre reconocimiento de filiación a la luz de la ley y de la opinión de los tratadistas citados, se concluye que tal sentencia no aparece con toda claridad que fuera el resultado de la transacción que la ley prohibe y que por tanto no debió negársele eficacia legal al ser presentada como prueba en los procedimientos sobre declaratoria de herederos.

Dicha sentencia se obtuvo, según en ella misma se expresa, por consentimiento del demandado, lo que equivale a decir que el demandado se allanó a las pretensiones del demandante, o que el demandado aceptó expresamente como ciertos los hechos consignados en la demanda, y una sentencia de tal naturaleza dictada por una corte con jurisdicción sobre la materia y sobre las partes, es válida y no puede ser atacada colateralmente. (Véase 23, Cyc., 728 y 1055.)

Ahora bien, esta conclusión a que llegamos por las circunstancias de este caso concreto, no implica el que nosotros aceptemos como buena la práctica al parecer seguida por la Corte de Distrito de Humacao en el pleito sobre reconocimiento de filiación. En casos de tal naturaleza aun cuando los demandados aceptaran la verdad de los hechos consignados en la demanda y dichos hechos determinaran la causa de acción ejercitada, sería más conforme a los fines de la justicia que la corte

exigiera además pruebas que demostraran la certeza de las alegaciones.

Examinemos el otro fundamento de la orden apelada, esto es, que no se ha justificado que José Marcelino Esterás pueda ser el único heredero del finado José Ignacio Esterás y Rivera.

La ley sobre procedimientos legales especiales dispone que el juez a quien se hubiere presentado la solicitud sobre declaratoria de herederos, oirá en el más breve término posible la prueba presentada y con el resultado de ella dictará la resolución que proceda, y dispone además que el auto se dictará sin perjuicio de terceros, a no ser que se trate de herederos forzosos. (Leyes de 1905, página 219.)

Examinada la prueba en este caso, se podría concluir que José Marcelino Esterás y Morales es hijo ilegítimo reconocido de José Ignacio Esterás y Rivera, pero la peticionaria no demostró que José Marcelino tuviera además la condición de natural y que fuera el único heredero. La *declaratoria* que debe hacer la corte *es de herederos* y debe comprenderlos a todos cuando existan varios.

La peticionaria debió alegar y demostrar en este caso que su hijo lo era también natural reconocido de José Ignacio Esterás y Rivera y que no existían otros herederos de éste, o al menos que se desconocía la existencia de otros herederos y para ello la prueba de testigos que conocieran las relaciones de familia de José Ignacio Esterás y que merecieran crédito a la corte, parece la naturalmente indicada.

No habiendo, pues, la peticionaria presentado toda la prueba que su caso exige, su solicitud, por tal motivo, fué propiamente declarada sin lugar; sin que esta resolución sea un obstáculo para que pueda presentarse por la peticionaria o por cualquiera otra persona realmente interesada una nueva solicitud de acuerdo con la ley.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados MacLeary, Wolf y Aldrey.