EX PARTE, MRS. CHARLES M. BOERMAN, NEE MARÍA L. FORDHAM, peticionaria y apelante, *v.* AMELIA M. MARRERO, opositora y apelada.

No. 3284.—*Visto:* Diciembre 18, 1924.   *Resuelto:* Abril 15, 1925.

1. DESCENDENCIA Y DISTRIBUCIÓN—DERECHOS Y RESPONSABILIDADES DE HEREDEROS Y *"Distributees"*—PROCEDIMIENTO DE DECLARATORIA DE HEREDEROS—CUÁNDO ES INNECESARIA PARA JUSTIFICAR EL CARÁCTER DE HEREDERO.—Una hija natural reconocida, declarada como tal en una acción de filiación contra los herederos testamentarios del padre, y quien ha sido reconocida como uno de los herederos en todos los procedimientos ulteriores, puede recibir lo que le corresponda sin necesidad de acudir previamente al procedimiento de declaratoria de heredero. (*Méndez* v. *Martínez,* 26: 96; *Morales* v. *Landrau,* 15: 782, y *Soriano* v. *Rexach,* 23: 573, ratificados.)

2. TESTAMENTOS—INSTITUCIÓN DE HEREDERO—NULIDAD DE LA INSTITUCIÓN—PRETERICIÓN DE HEREDERO FORZOSO.—Queda anulada la institución de heredero testamentario cuando es preterido un heredero forzoso,—una hija natural reconocida, declarada como tal por los tribunales.

3. ÓRDENES—ATAQUE COLATERAL—APELACIÓN CONTRA ORDEN, DESESTIMADA.—Habiéndose desestimado una apelación contra orden de la corte de distrito aprobando una partición de bienes, no puede ser ésta atacada de nuevo en procedimientos ulteriores.

4. HIJOS NATURALES—FILIACIÓN—PARTES DEMANDADAS NECESARIAS.—En una acción de filiación sólo las personas que constituyen la sucesión del supuesto padre son partes demandadas necesarias y no es preciso incluir el albacea o administrador. (Siguiendo *Boerman v. Marrero,* 3 F. [2d.] 241.)

5. DESCENDENCIA Y DISTRIBUCIÓN—DERECHOS Y OBLIGACIONES DE HEREDEROS Y *"Distributees"*—DEUDAS Y CARGAS—CARGAS NO IMPUTABLES A UN HEREDERO. —En una partición de bienes no puede cargarse, contra una hija natural reconocida, lo gastado por los herederos testamentarios en oposición a la acción de filiación de aquélla.

6. Albaceas y Administradores—Arreglo y Liquidación de Cuentas—Remuneración—Tanto por Ciento.—La remuneración que corresponde a un administrador de bienes hereditarios no es el tanto por ciento del valor del caudal, sino el de los ingresos.

7. Albaceas y Administradores—Alimentos a la Esposa, al Marido o a los Hijos Supervivientes—Pensión Alimenticia de la Viuda—Pérdida del Derecho.—Una viuda no tiene derecho a una pensión alimenticia en adición a la parte que le corresponde en la herencia.

Resolución de *R. Díaz Cintrón, J.* (Ponce), aprobando actuación del *referee* nombrado para el examen de las cuentas rendidas por la administradora judicial. *Confirmada.*

*Martínez Nadal, Tormes & Colón,* abogados de la apelante; *Eduardo Flores Colón,* abogado de la opositora.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Se apela de una resolución de la Corte de Distrito de Ponce de julio 30 de 1923 por virtud de la cual se aprobó la actuación del *referee* nombrado por la propia corte para el examen de las cuentas rendidas por la administradora judicial de la herencia de Charles M. Boerman.

Boerman falleció en Ponce el 30 de enero de 1915 bajo testamento otorgado el 4 de octubre de 1914. Expresó que no tenía hijos e instituyó como sus herederas por partes iguales a su esposa y a su madre. Dejó un legado de cinco mil dólares a la niña Amelia Marrero y dispuso que cualquier beneficiario que atacara el testamento perdería su beneficio.

La viuda María Lavinia Fordham, que es la apelante, pidió que se la nombrase administradora judicial de la herencia y así lo hizo la corte en junio 6, 1917.

La niña legataria Amelia Marrero inició un pleito en noviembre 24, 1915, en solicitud de que se la declarara hija natural reconocida de Boerman. La Corte de Distrito de Ponce dictó sentencia favorable a la demandante en diciembre 20, 1917. La viuda apeló para ante esta Corte Suprema y esta corte en julio 21, 1919, declaró sin lugar la apelación. 27 D.P.R. 708. No conforme aún la viuda, el 20 de diciembre de 1919 recurrió para ante la Corte de Circuito

del Primer Circuito de los Estados Unidos. Prestó fianza para costas pero no para suspender la ejecución de la sentencia. La Corte de Circuito en mayo 12, 1921, 273 Fed. 61, confirmó la sentencia de la Corte Suprema, quedando así Amelia Marrero declarada para siempre hija natural reconocida de Boerman.

El 4 de noviembre de 1919 Amelia Boerman y Marrero solicitó de la corte de distrito que se nombrara un Contador Partidor y la corte nombró al abogado y notario Gustavo Rodríguez. El Contador Partidor presentó el informe que ocupa las páginas 28 a 57 de la transcripción. Inventariados los bienes, se valuaron por peritos en $86,831.50. El contador tomó por base el testamento y la ley porque el testamento quedó necesariamente alterado a virtud de la sentencia en el pleito de filiación. Liquidó la sociedad de gananciales y adjudicada la mitad de los bienes de dicha sociedad a la viuda, procedió a liquidar la herencia adjudicando la mitad de los bienes a la madre. A la viuda se adjudicó la tercera parte de la herencia en usufructo sacándose dicha tercera de la mitad libre. A la hija natural se adjudicó la cuarta parte de la herencia, teniendo que hacerse la adjudicación de algunos de los bienes en nuda propiedad ya que la tercera de la viuda y la cuarta de la hija debían tomarse de la misma mitad, o sea de la mitad libre de la herencia, dándose preferencia a la tercera de la viuda. La nuda propiedad de los bienes adjudicados en usufructo a la viuda también fué adjudicada. Bajo esas bases se distribuyeron los bienes. El informe fué impugnado por la viuda. La corte lo aprobó en octubre 20, 1920. Apeló la viuda de la resolución aprobatoria para ante este Tribunal Supremo y su apelación fué desestimada quedanda firme la resolución.

Así las cosas Amelia Boerman y Marrero insistió en que la administradora rindiera cuentas y en que se nombrara un *referee* que las examinara y dictaminara sobre ellas. Las cuentas fueron rendidas y nombrado *referee* el abogado y

notario F. Manuel Toro las tomó bajo su consideración, oyó a las partes interesadas en varios días conservando escritas sus manifestaciones, examinó la documentación, tuvo en cuenta los antecedentes y presentó dos informes que ocupan las páginas 74 a 200 de la transcripción. La viuda impugnó los informes. La corte los aprobó y contra su aprobación es que se interpuso, como dijimos al principio, el presente recurso de apelación.

En su alegato la parte apelante señala veinte errores. La parte apelada no compareció a la vista del recurso ni presentó alegato. El juez no fundó su resolución.

Repetidas veces sostiene la apelante que Amelia Marrero nada puede recibir porque no ha sido declarada heredera; que el testamento de Boerman debe obedecerse porque no ha sido declarado nulo y que la partición aprobada en octubre 20, 1920, es ineficaz.

[1] Amelia Boerman y Marrero es la hija natural reconocida de Boerman. Esto es indiscutible. De los autos elevados no consta que se siguiera procedimiento alguno sobre declaratoria de herederos, pero sí aparece que como heredera actuó ante la corte con jurisdicción para declararla tal y por heredera la tuvo dicha corte, no siendo de importancia la manifestación incidental de dicha corte, a que se refiere la apelante, tendente únicamente a no alterar la cuestión de la renta del legado hasta que el caso de filiación quedara definitivamente resuelto. Que un hijo natural reconocido es un heredero, fué resuelto en el caso de *Méndez* v. *Martínez*, 26 D.P.R. 96. Y que la condición de heredero puede justificarse sin necesidad de acudir previamente al procedimiento de declaratoria de heredero, fué decidido en el mismo caso basándose en los de *Morales et al.* v. *Landrau et al.*, 15 D.P.R. 782; *Soriano* v. *Rexach*, 23 D.P.R. 573, y otros.

[2] El testamento no podía subsistir en su integridad. En él se pretirió a un heredero forzoso y de acuerdo con el

mandato expreso de la ley—artículo 802 del Código Civil—la institución de heredero que contenía quedó anulada.

[3] La partición es válida. Fué impugnada por la viuda en la corte de distrito y la corte la aprobó. Apeló la viuda y su apelación como hemos dicho fué desestimada. No cabe ahora atacarla de nuevo en esta apelación.

[4] Al establecer su apelación la Sra. Boerman manifestó que lo hacía en su carácter de heredera testamentaria, como viuda y, además, como albacea y administradora, e invocando su carácter de albacea y administradora trata en su alegato de impugnar todos los procedimientos, sosteniendo que son nulos porque no fué demandada en ellos como tal albacea y administradora. Esta misma cuestión fué resuelta en contra de la apelante por la Corte de Circuito del Primer Circuito de los Estados Unidos, el 6 de enero de 1925 (3 F. (2d) 241), estableciendo la siguiente doctrina:

"De acuerdo con el Código Civil de Puerto Rico, (Artículos 192 y 194), en una acción de filiación establecida después de la muerte del supuesto padre, sólo las personas que constituyen la sucesión de éste son partes demandadas necesarias y no es preciso incluir a su representante personal, a pesar de lo dispuesto en el artículo 41 del Código de Enjuiciamiento Civil de Puerto Rico."

Parece oportuno consignar que el *referee* aceptó en cuanto a los ingresos las cuentas de la administradora en la forma en que fueron presentadas. En la distribución de los ingresos y la aprobación de los gastos, es que surge la dificultad. Por ejemplo la administradora tomando como base el testamento consideró determinados bienes como gananciales y se asignó la parte que según ella le correspondía. Al llevarse a efecto la partición se encontró que algunos de los bienes que figuraban en el testamento como gananciales habían sido adquiridos por Boerman siendo soltero. El contador estimó que dichos bienes eran privativos y el *referee* para la distribución de los productos tomó como base la partición, no el testamento. Quizá tenga razón la apelante en algunas de sus objeciones relativas a recons-

trucciones de casas y pago de deudas hipotecarias, pero es ya demasiado tarde para discutir tales objeciones. La apelación en que pudieron levantarse y discutirse fué desestimada.

Lo mismo sucede con la institución de heredero. La apelante parte siempre del testamento. El *referee* de la partición. Según el testamento la mitad de todos los bienes correspondía a la viuda y por tanto la mitad de todos sus productos. Pero la institución de heredero quedó anulada a virtud de la preterición de la hija, la nulidad fué reconocida en la partición y la ley entonces sólo dió a la viuda la tercera parte de los bienes y por consiguiente sólo la tercera parte de sus productos le correspondía.

[5] En cuanto a los gastos no puede quejarse la apelante del informe. Todos aquellos que se verificaron en relación con la administración y defensa de los bienes, son aceptados por el *referee,* pero ¿cómo es posible que se cargue a la hija natural lo gastado en los pleitos seguidos contra ella? Tampoco los viajes al Continente, excepción hecha de aquel que realizó la viuda acompañando el cadáver del esposo. Los demás lo fueron para atender a los pleitos en contra de la hija natural. Equitativamente procedió el *referee* a distribuir todos esos gastos entre la viuda y la madre.

[6] Y en cuanto a la remuneración de la administradora, no es posible aceptar la teoría de la apelante, a saber: que debe partirse del valor de los bienes de la herencia para calcular la remuneración. El *referee* tomó por base los ingresos, ajustándose así a la ley que dice: ''Todo administrador o albacea, a no disponer otra cosa el testamento bajo el cual se le nombra, tendrá derecho a percibir del caudal, en remuneración de sus servicios, el cinco por ciento de los ingresos que ocurran. . . . .'' Art. 53 de la Ley de Procedimientos Legales Especiales. (Comp. 1592).

[7] Los artículos 50 de la Ley de Procedimientos Lega-

les Especiales (Comp. 1589) y 1340 del Código Civil no han sido infringidos como alega la apelante. Si se hubiera asignado una pensión alimenticia a la viuda, se hubiera tomado en cuenta al adjudicársele la parte que le correspondía en las rentas y productos. "De la masa común de bienes," dice el citado artículo 1340, "se darán alimentos al cónyuge superviviente y a sus hijos mientras se haga la liquidación del caudal inventariado y hasta que se les entregue su haber; pero se les rebajará de éste, en la parte en que excedan de lo que les hubiere correspondido por razón de frutos o rentas." Como aquí no se asignó pensión alimenticia alguna a la viuda, nada ha habido que deducir, haciéndosele adjudicación completa de todo lo que les correspondía de acuerdo con su participación en la herencia. Pretender que se le adjudique algo más para alimentos sería ir en contra de la lógica y de la ley.

La discusión de los otros errores no es necesaria para la justicia ni para la jurisprudencia. Aún los que hemos discutido carecen en su mayor parte de importancia. La apelante tiene la obcecación del testamento de su esposo. Todo lo que de sus disposiciones se separa, es injusto e inadmisible para ella. Pero ella tiene que aceptar la realidad de los hechos y a esa realidad se ajustó el *referee* al rendir su informe y la Corte al aprobarlo.

*Procede declarar sin lugar el recurso y confirmar la resolución apelada.*