JORGE LUIS RIVERA, representado y asistido de su madre con patria potestad, PETRA RIVERA, quien a su vez comparece representada y asistida por su padre con patria potestad, FRANCISCO RIVERA, demandante y apelado, *v.* JULIO VIEJO, hoy JULIO VIEJO FELIÚ, como Administrador Judicial, demandante y apelante.

No. 7082.—*Sometido:* Enero 17, 1936. *Resuelto:* Mayo 20, 1936.

*F. Soto Gras* y *R. Díaz Collazo,* abogados del apelante; *V. M. Sánchez Fernández,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Es ésta una acción de filiación, ejercitada por Jorge Luis Rivera, menor de edad, representado por su madre natural Petra Rivera, para que se le declare hijo natural reconocido de Julio Viejo, con todos los derechos inherentes a su alegada filiación. En la demanda se alega que Jorge Luis Rivera es hijo natural de Julio Viejo y Petra Rivera, quienes sostuvieron relaciones amorosas y vivieron bajo un mismo techo como marido y mujer, naciendo de estas relaciones el demandante, quien además gozó de la posesión de estado de hijo reconocido del referido Julio Viejo.

Según resulta de los autos, este pleito fué radicado en 31 de julio de 1934. En 20 de agosto de dicho año compareció el demandado Julio Viejo solicitando la eliminación de ciertos particulares de la demanda. En 8 de septiembre, habiendo fallecido el demandado, el demandante solicitó que de acuerdo con el artículo 51 de la Ley de Procedimientos Legales Especiales se tuviese al administrador judicial interino, Julio Viejo Feliú, subrogado como parte en la acción. La corte inferior accedió a lo solicitado. Formuló entonces el administrador judicial excepción previa a la demanda, alegando que en una acción de filiación sólo las personas que constituyen la sucesión del supuesto padre son partes demandadas necesarias y que consiguientemente el administrador por sí solo no podía representar a los herederos o a la sucesión de Julio Viejo, por la naturaleza de la acción ejercitada.

Desestimada la excepción previa y contestada la demanda por el administrador, procedióse más tarde a la celebración del juicio que culminó en una sentencia a favor del demandante. De esta sentencia apeló el administrador judicial, alegando en primer término que la corte inferior erró al resolver que los herederos o la sucesión del demandado Julio Viejo no son partes necesarias e indispensables en esta acción.

■■ Entiende el tribunal inferior que el administrador judicial tiene el deber de representar al finado en todos los procedimientos, incluyendo una acción de filiación, comenzados por o contra el mismo antes de su muerte. En los pleitos incoados después de la muerte, el administrador únicamente puede representar al finado cuando esos pleitos se dirigen contra el caudal de la herencia.

Copiamos a continuación los argumentos que adujo la corte inferior para no considerar a los herederos de Julio Viejo partes necesarias en este pleito:

"Hasta que por auto o sentencia firme se haga la declaración de herederos del abintestato, el administrador del mismo le representará en todos los pleitos que se promuevan o estuvieran empezados. Y ello es lo natural y lógico. Como en los abintestatos nadie tiene personalidad para representar al finado y a la herencia hasta que se hace declaración de herederos, preciso era que determinase la ley quién había de tener mientras tanto esa representación para el ejercicio de los derechos del finado y del caudal hereditario, y así se hizo por el precitado artículo 51 de la Ley de Procedimientos Legales Especiales que no sólo dispone que será deber del administrador representar al finado en las acciones comenzadas por o contra el mismo antes de su muerte, y que todas las acciones se suspenderán a su muerte hasta que se nombre administrador, sino que dispone además 'que el administrador quedará subrogado como parte en la acción.'

"    .    .    .    .    .    .    .    .    .    .    .

"Alega el demandado que existe defecto de parte demandada porque el administrador judicial carece de personalidad para repre-

sentar a la parte originalmente demandada en una acción de esta naturaleza y descansa en el caso Boerman v. Marrero, 34 D.P.R. 126.

"Este caso invocado es uno en que rendidas cuentas por una administradora judicial se nombró un *referee* para examinarlas quien rindió su informe, lo aprobó la corte y contra esa aprobación se recurrió por la administradora impugnando los procedimientos, entre otras razones, por ser, a su juicio, nulos, porque no fué demandada en ellos como tal administradora y albacea. La Corte Suprema refiriéndose a esta cuestión dijo que ya había sido resuelta en contra de la administradora por la Corte de Circuito de Boston (3 Fed. (2d) 241) al establecer la doctrina de que de acuerdo con el Código Civil de Puerto Rico (artículos 192 y 194), en una acción de filiación establecida después de la muerte del supuesto padre, sólo las personas que constituyen la sucesión de éste son partes demandadas necesarias y no es preciso incluir a su representante, a pesar de lo dispuesto en el artículo 41 del Código de Enjuiciamiento Civil de Puerto Rico."

"El caso como se observa, no es de aplicación. La Corte de Circuito se refiere a una acción de filiación establecida *después* de la muerte del supuesto padre; y el artículo interpretado es el 41 del Código de Enjuiciamiento Civil. En nuestro caso se trata de una acción de filiación establecida *antes* de la muerte del supuesto padre; y el artículo interpretado es el 51 de la Ley de Procedimientos Legales Especiales."

En el caso de *Rosado* v. *Sucn. Matta,* 19 D.P.R. 307, se ejercitó una acción de filiación. Esta corte sostuvo que los preceptos del artículo 41 del Código de Enjuiciamiento Civil sólo son aplicables a las acciones que se ejercitan contra el albacea o administrador de los bienes del difunto y contra el caudal de la herencia, y no a una acción que se ejercita contra los herederos del difunto, pues la palabra "representantes" comprende el albacea o el administrador, pero no los herederos.

Luego se decidió por esta corte el caso de *Boerman* v. *Marrero,* 34 D.P.R. 126, estableciendo la doctrina que ya había sido sostenida por la Corte de Circuito de Boston.

La parte apelada, de acuerdo con el tribunal inferior, sostiene que es el artículo 51 de la Ley de Procedimientos Légales Especiales (artículo 584 del Código de Enjuiciamiento Civil, ed. 1933), y no el 41 de la Ley de Enjuiciamiento Civil, el que tiene aplicación al presente caso, por tratarse de una acción incoada antes de la muerte del supuesto padre. El artículo referido dice así:

"Será deber de los administradores y mientras éstos se nombren, de los albaceas, representar al finado en todos los procedimientos comenzados por o contra el mismo antes de su muerte, y los que se promovieran después por o contra el caudal de la herencia. Las acciones o procedimientos intruídos por o contra el finado se suspenderán a su muerte ínterin se haga cargo el albacea o se nombre un administrador y el albacea o administrador quedará subrogado como parte en la acción."

No compartimos el criterio de la corte inferior. Es verdad que el artículo 51 habla de procedimientos comenzados contra el causante antes de su muerte y procedimientos que se promuevan contra el caudal de la herencia luego de haber muerto; pero cualquiera que sea la interpretación judicial que pueda merecer este artículo, es claro, a nuestro juicio, que el legislador nunca tuvo la intención de conceder al administrador judicial la representación exclusiva del finado en una acción de filiación iniciada por una persona que alega ser hijo natural de dicho finado. Esta acción de filiación por su naturaleza y por el carácter especial de la misma no puede resolverse sin que figuren como partes aquellas personas que puedan resultar afectadas por el fallo del tribunal. Y estas personas no son otras que los herederos, los familiares del finado, realmente interesados en depurar los hechos para asegurarse, si no lo están, de que la persona que reclama la filiación tiene derecho a ella, o para rechazar las pretensiones de quien intente, sin un legítimo derecho, ingresar en el seno de la familia. Para estas personas la acción de filiación, cuando el finado ha dejado bienes, tiene el doble aspecto del

interés pecuniario y el interés moral, por los derechos here-ditarios que la ley reconoce al hijo natural y por la trans-cendencia excepcional que envuelve para la familia el reco-nocimiento de la filiación. Lógico es, por lo tanto, que los interesados, ya sean herederos forzosos o parientes llamados a heredar al finado en ausencia del hijo que reclama su natu-ralidad, tengan la oportunidad de ser oídos en una acción que tan directamente les afecta. El hecho de que no se haya solicitado y obtenido una declaratoria de herederos no es óbice para que se prescinda de los miembros de la sucesión. Con declaratoria o sin ella, lo esencial es que las partes real-mente interesadas, en una acción de esta naturaleza, estén bajo la jurisdicción de la corte, para que pueda recaer un fallo definitivo en la acción. A nuestro juicio la acción ini-ciada en vida del padre putativo puede continuar, haciéndose parte conjuntamente a las personas realmente interesadas, que son los herederos, y al administrador judicial, si lo hubiere.

*Debe revocarse la sentencia apelada y devolverse el caso a la corte inferior para procedimientos ulteriores no incom-patibles con los términos de esta opinión.*

El Juez Asociado Señor Travieso no intervino.