DOLORES SEMIDEY, demandante y apelada, *v.* ANTONIO VIQUEIRA, JAIME VIQUEIRA y LORETO VIQUEIRA VILLANUEVA, demandados y apelantes.

Núm. 7773.—*Sometido:* Junio 20, 1938. *Resuelto:* Julio 12, 1938.

*Erasto Arjona Siaca* y *Ramón A. Gadea Picó,* abogados de los apelantes; *Alberto S. Poventud* y *R. Hernández Matos,* abogados de la apelada.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

La demanda de este caso se radicó originalmente en la Corte de Distrito de Ponce el 16 de julio de 1932. No comparecieron los demandados y el 24 de octubre de 1934 se radicó demanda enmendada. No fué hasta el 21 de febrero de 1935 que comparecieron por primera vez los demandados, al solo efecto de solicitar prórroga para presentar alegaciones. Radicaron una excepción previa a la demanda el 24 de mayo de 1935, que fué desestimada el 6 de agosto siguiente. No hicieron más alegaciones contra la demanda y el 9 de octubre de 1935 se anotó su rebeldía. El 20 de enero de 1937 se dictó sentencia en rebeldía y un mes después radicaron los demandados una moción de reconsideración que fué desestimada el 5 de enero de 1938, interponiendo recurso de apelación para ante esta corte el 3 de febrero siguiente. Optaron los apelantes por la presentación de una exposición del caso y después de solicitar y obtener tres prórrogas, la última de las cuales expiró el 11 de mayo último, no solicitaron otras en la corte inferior ni pidieron que se restableciera el término por este tribunal.

Con estos hechos por base, el 26 de mayo próximo pasado radicó la demandante en este tribunal una moción en que solicita que se desestime la apelación interpuesta por los demandados.

Es evidente la táctica dilatoria seguida por los apelantes desde que se inició este pleito contra ellos en la corte inferior allá por el año 1932 hasta que se radicó en este tri-

bunal la moción solicitando la desestimación. Alegan, sin embargo, los demandados que la sentencia que contra ellos se dictó en rebeldía es manifiestamente errónea a la vez que injusta y, protestando que no han sido negligentes en el perfeccionamiento de la apelación, solicitan que se desestime la moción de la demandante apelada y se les conceda un plazo de treinta días para radicar la exposición del caso en la corte inferior.

Antes de decidirnos a desestimar la apelación hemos examinado el error que los demandados apelantes imputan a la corte inferior, a fin de determinar si en efecto la apelación interpuesta por los demandados tiene méritos o si por el contrario es frívola, en cuyo caso resultaría inútil el restablecimiento del término para la radicación de la exposición del caso.

Del proyecto de exposición del caso que acompañan los propios apelantes a su escrito de oposición a la moción de la apelada, tomamos los siguientes datos:

La demandante apelada nació en Yauco, el 22 de marzo de 1896, y por sentencia de la Corte de Distrito de Ponce de 30 de junio de 1932, confirmada por este tribunal el 30 de enero de 1934, fué declarada hija natural reconocida de Lucas Solivellas Vicéns, quien falleció el 12 de febrero de 1929, bajo testamento que otorgó el primero de octubre de 1927, en el que instituyó por sus únicos herederos a los demandados, sus sobrinos Antonio y Jaime Viqueira, y dejó dos legados en metálico de $4,000 y $1,000 respectivamente a María Antonia Camacho y Mariano Rodríguez. No dejó el testador ascendientes ni más descendientes que su hija la demandante apelada.

Tratando de demostrar los apelantes que la sentencia de la Corte de Distrito de Ponce es errónea, dicen en su moción de oposición radicada en esta corte:

"Esta es una apelación de carácter especialísimo, pues con ella *no se intenta perjudicar* o molestar en lo más mínimo a la demandante

Dolores Semidey, *ni afectar sus derechos hereditarios* como hija natural reconocida, sino única y exclusivamente corregir un grave error cometido por la Corte de Distrito de Ponce en la sentencia en rebeldía por ella dictada contra los aquí demandados apelantes.

"Los demandados apelantes pidieron la reconsideración de la sentencia, y su aclaración en el sentido die que la sentencia se limitara a conceder a la demandante Dolores Semidey sus derechos hereditarios como hija natural reconocida, ascendentes, según el artículo 769 del Código Civil, a un tercio de los bienes del causante don Lucas Solivellas. La sentencia, *dictada en rebeldía, no por culpa directa de los demandados sino de su abogado,* residente en San Juan, con quien era muy difícil hacer contacto, no se limitaba a conceder a dicha demandante su indicado tercio de herencia legítima, sino que cometió el error grave de concederle la totalidad de los bienes de la herencia, no obstante existir un *testamento* válido, reconocido y mencionado en la propia demanda de Dolores Semidey, en el que hay una institución de herederos a favor de los aquí apelantes, y además, varios legados. (Sobre Filiación, Civil núm. 4131, Corte de Distrito de Ponce.) Este testamento no ha sido nunca anulado y su existencia es admitida por la demandante apelada en su demanda ante la corte inferior.

"En su consecuencia, no se trata de una herencia intestada sino de una herencia testamentaria, y por lo tanto, aun habiendo una hija natural reconocida, el causante o testador podía disponer de parte de sus bienes, siempre que respetara la porción que la ley asigna como legítima al hijo natural reconocido. El testador no cumplió con la ley en cuanto a este último extremo, o sea, pretirió a Dolores Semidey. Ésta tenía y tiene el perfecto derecho a pedir su legítima, y, en su consecuencia, ejercida acción petitoria de herencia, lo que procedía era modificar el testamento para dar cabida en sus disposiciones a la legítima de dicha hija natural, pero mantenerlo válido y subsistente en toda aquella parte de que el testador podía disponer libremente, aun teniendo una hija natural reconocida.

"La Corte de Distrito de Ponce, en vez de hacer esto, declaró a dicha hija natural dueña de todos los bienes, habiendo ésta sorprendido fraudulentamente al tribunal e impresionándole erróneamente en el sentido de que dicha hija natural hereda todos los bienes, a pesar de existir un testamento en gran parte válido y compatible con la existencia de dicha hija natural reconocida.

"Cometido el error, los demandados apelantes vencidos en rebeldía, por culpa de su abogado residente en San Juan, solicitaron la

reconsideración de la sentencia, al solo efecto de que la corte corrigiera la misma, dejando en pie aquella parte del testamento que no puede ser afectada por la existencia de la hija natural reconocida, es decir, sosteniendo la institución de herederos a favor de los demandados y los legados. La Corte de Distrito de Ponce, probablemente, sin leer con mayor detenimiento el alegato de los demandados, y sin estudiar la cuestión con el prolijo cuidado que su trascendencia ameritaba, declaró sin lugar la reconsideración, reiterando el grave error cometido y dejando a los demandados apelantes en un plano de indefensión, y víctimas del fraude y el dolo cometido por la demandante apelada, al pedir derechos en exceso de lo que la ley le confiere, y al confundir y engañar al tribunal inferior sobre este punto.''

Veamos si la corte inferior cometió en realidad el error que le imputan los apelantes.

▆▆▆▆ El artículo 742 del Código Civil (edición de 1930), igual al artículo 814 del Código Civil español, dispone lo siguiente:

''Art. 742.—La preterición de alguno o de todos los herederos forzosos en línea recta, sea que vivan al otorgarse el testamento o sea que nazcan después de muerto el testador, anulará la institución del heredero; pero valdrán las mandas y mejoras cuando no sean inoficiosas.

''La preterición del viudo o viuda no anula la institución; pero el preterido conservará los derechos que le concede el presente código.

''Si los herederos forzosos preteridos mueren antes que el testador, la institución surtirá efecto.''

De acuerdo con el artículo antes transcrito, la preterición de la demandante, que por ser hija natural reconocida es heredera forzosa del testador, produjo necesariamente la nulidad de la institución de heredero, y como los herederos instituídos en el testamento no son herederos forzosos por tratarse de sobrinos, claro es que el caudal hereditario todo debió pasar a la demandante sujeto, desde luego, a las mandas y mejoras hechas en el testamento.

Ya hemos visto que la demandante nació en el año 1896; que el testamento se otorgó en el año 1927; que el testador falleció en el 1929, y que la demandante fué declarada hija

natural reconocida en el año 1932, o sea después de otorgado el testamento y fallecido el testador. El hecho de que la demandante haya sido reconocida después de muerto el testador no excluye su caso del precepto del artículo 742, supra, pues como bien dice Manresa, "en los hijos naturales equivale al nacimiento el hecho de ser reconocidos o legitimados por concesión real, después de otorgada por el testador su última voluntad." 6 Manresa, Código Civil, 356. De modo que, ya consideremos a la demandante, a los efectos de este artículo, como nacida después de muerto el testador por haber sido reconocida después de dicha fecha, aplicando por analogía lo dicho por Manresa con respecto a los hijos naturales reconocidos o legitimados por concesión real, o ya la consideremos como nacida en la fecha en que realmente nació, en el año 1896, en cualquiera de los dos casos la preterición siempre tuvo efecto, de acuerdo con el precepto legal antes citado.

Comentando Manresa el artículo 814 del Código Civil español, y en la página 360 del tomo antes citado, dice lo siguiente:

"La interpretación que rectamente se desprende del art. 814, es la de que sólo valen, y eso en cuanto no sean inoficiosas, las disposiciones hechas a título de legado o mejora. En cuanto a la institución de heredero, *se anula.* Lo que se anula deja de existir, ¿en todo, o en parte? No se añade limitación alguna, como en el art. 851, en el que se expresa que se anulará la institución de heredero en cuanto perjudique a la legítima del desheredado. *Debe, pues, entenderse que la anulación es completa* o total, y que este artículo, como especial en el caso que le motiva, rige con preferencia al 817." (Itálicas nuestras.)

Refiriéndose a la aplicación de este precepto a los hijos naturales reconocidos, el mismo autor, en la página 354 del mismo tomo, se expresa en los siguientes términos:

"Se dice por algún comentarista que el artículo no prevé el caso de preterición de los hijos o padres naturales. El legislador no incurre en tan gran falta. No habla de parientes, que sería el caso en

que, por no añadirse el calificativo de naturales, cabría afirmar que sólo se refería a la *familia legítima*: habla de *herederos forzosos,* prescindiendo de su clase de parentesco, y es evidente que el padre y el hijo natural son herederos forzosos en línea recta, pues la palabra *línea* no es patrimonio de los ascendientes y descendientes legítimos; podrá limitarse en aquéllos al lazo entre hijos y padres, sin subir ni bajar más; pero aplicada a los herederos forzosos tiene una significación tan clara, que no cabe duda alguna en esta cuestión. Así lo prueba la contraposición de esos herederos en línea recta (descendente o ascendente) al cónyuge y la consideración de ser absurdo que el legislador al tratar de la preterición se olvidase del hijo y del padre natural. Quiere pretenderse que la sentencia de 16 de enero de 1895 sirve de apoyo a la referida opinión, y precisamente al resolver la cuestión ventilada estudia los arts. 814, 815 y 817 como relacionados con el caso que la motivó, y como aplicables, por tanto, a los hijos naturales, como veremos en su lugar.''

Este tribunal, en el caso de *Iturrino* v. *Iturrino,* 24 D.P.R. 467, aplicó también el precepto citado a la preterición de un hijo natural reconocido. En aquel caso el demandante era hijo natural reconocido del testador. En su testamento el padre instituyó por su única heredera a la demandada, su legítima hija, María Camila Teresa de Jesús Iturrino, y pretirió al demandante. Se dijo entonces por la corte:

''El artículo 802 del Código Civil (edición de 1911) claramente establece que la preterición de alguno o de todos los herederos forzosos en línea recta, sea que vivan al otorgarse el testamento, o sea que nazcan después de la muerte del testador anulará la institución del heredero, pero valdrán las mandas y mejoras cuando no sean inoficiosas.

''Con arreglo al anterior precepto es nula la institución de única heredera hecha por el Dr. Juan Dionisio Iturrino a favor de la demandada con preterición del demandante que es hijo natural reconocido del mismo, debiendo sostenerse la validez y eficacia de las mejoras y legados hechos en dicho testamento.

''Por las razones expuestas es de confirmarse la sentencia apelada, menos en cuanto declara nulo el testamento otorgado por el Dr. Juan Dionisio Iturrino, entendiéndose que esa nulidad afecta solamente a la institución de la demandada María Camila Teresa de Jesús Itu-

rrino Rivera, como única heredera del mismo, debiendo participar el demandante de los derechos hereditarios que le corresponden con arreglo a la ley vigente en la fecha del fallecimiento de su padre.''

Véase también el caso de *Ex parte Boerman* v. *Marrero,* 34 D.P.R. 126, 129.

Ya hicimos resaltar el hecho de que los herederos instituídos en el testamento de don Lucas Solivellas eran meramente herederos voluntarios y no forzosos. En el caso de *Iturrino* v. *Iturrino,* la heredera instituída, María Camila Teresa de Jesús Iturrino, era heredera forzosa. Por consiguiente, aunque se anuló la institución de herederos y se abrió la sucesión intestada, participó de sus derechos hereditarios la hija legítima en concurrencia, desde luego, con el hijo natural reconocido que había sido preterido. En el caso que ahora nos ocupa no puede suceder lo mismo, pues no siendo los herederos instituídos herederos forzosos, corresponde a la demandante apelada la totalidad de la herencia, sin perjuicio de los legados hechos en el testamento, y siempre que éstos no sean inoficiosos.

Por consiguiente, la Corte de Distrito de Ponce interpretó y aplicó correctamente la ley al declarar con lugar la demanda y conceder a la demandante la totalidad de la herencia, sujeto a los legados.

Siendo ello así, ningún error se subsanaría con esta apelación, la que no solamente resulta frívola, sino que de permitirla restableciendo el término expirado para la radicación de la exposición del caso, se perjudicarían innecesariamente los derechos de la demandante a gozar de la herencia de que ahora la están privando los demandados apelantes.

*Por lo expuesto procede denegar el término para radicar la exposición del caso y desestimar la apelación interpuesta por los demandados.*