CRUZ OLMO, demandante y apelante, *v.* FÉLIX LÓPEZ FIGUEROA ET ALS., demandados y apelados.

Núm. 9228.—*Sometido:* Marzo 6, 1946. *Resuelto:* Mayo 2, 1946.

*E. Martínez Avilés,* abogado del apelante; *Francisco González, Jr.,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA emitió la opinión del tribunal.

Félix López Figueroa radicó demanda de desahucio contra Cruz Olmo, por falta de pago del canon convenido. Contestó Olmo alegando ser dueño de la finca. La controversia principal durante el juicio giró en torno al título al terreno, pero hubo prueba tendente a demostrar que Olmo había construído tres edificaciones sobre el terreno. Al someter el caso a la corte, el abogado de Olmo insistió en que se declarara sin lugar la demanda por haberse establecido un conflicto de títulos, arguyendo que, aun asumiendo que el terreno fuese de López Figueroa, Olmo tenía allí tres casas de su propiedad. La corte declaró con lugar la demanda de desahucio. Solicitó Olmo la reconsideración de la sentencia, y le fué negada.

Firme ya la sentencia de desahucio, y cuando López Figueroa se disponía a ejecutarla, radicó Olmo demanda de *injunction* para impedir la ejecución de la sentencia, alegando que había construído en la finca tres casas, de buena fe, y que la sentencia que se pretendía ejecutar se había dictado a base de un error, a saber, el cometido por la corte al no dar importancia al hecho de que existían esas tres casas, construídas por Olmo.

La corte inferior declaró sin lugar la demanda de injunction, por entender que sencillamente pretendía revisar un alegado error cometido por la misma corte al dictar una sentencia que ya era firme. De esa sentencia apela el demandante Olmo.

El apelante insiste en su alegato en que de no expedirse el injunction que él solicita, se originará una multiplicidad de pleitos, y se le causarán daños irreparables. Asumiendo que ello sea así, no vemos, ni nos indica el apelante, qué justificación puede haber para prohibir se ejecute la sentencia.

No es necesario que consideremos en qué casos puede proceder el injunction para impedir la ejecución de una sentencia. Basta consignar que no procede cuando, como en el caso de autos, lo único que se pretende es revisar el alegado error de la corte sentenciadora al aplicar la ley a los hechos del caso. *Mellen* v. *Moline Malleable Iron Works*, 131 U. S. 352, 33 L. Ed. 178. Véase también *Boerman* v. *Marrero*, 34 D.P.R. 126; *Ex Parte Morales*, 17 D.P.R. 1043. Como dijimos en *Graniela et als.* v. *Yolande Inc. et als.*, 65 D.P.R. 705, 708, más importante que la corrección de un posible error judicial en determinado caso es el principio de la finalidad de las sentencias.

*Debe confirmarse la sentencia apelada.*