Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| CARMEN MARGARITA FAGOT BIGAS<br><br>Recurrida<br><br>EX PARTE<br><br>**EMILIO FAGOT RODRÍGUEZ**<br><br>Peticionario | KLCE202400690 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Caso núm.: PO2023CV00854 (504)<br><br>Sobre: Petición de Declaratoria de Herederos |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de agosto de 2024.

El Tribunal de Primera Instancia ("TPI") denegó desestimar una petición de declaratoria de herederos. Según se explica a continuación, concluimos que erró el TPI, pues dicho mecanismo no es el indicado para adjudicar la validez o alcance de un testamento ológrafo, mucho menos cuando (i) dicho asunto es objeto de una controversia entre las partes que no se puede adjudicar sobre la exclusiva base de las alegaciones y el propio testamento, (ii) el testamento ológrafo ya fue objeto del proceso formal de adveración y protocolización y (iii) las partes interesadas ya están litigando, en otro proceso ordinario, lo relacionado con la adecuada interpretación del testamento.

I.

En marzo de 2023, la Sa. Carmen Margarita Fagot Bigas (la "Hermana") presentó la acción de referencia, sobre petición de declaratoria de herederos (la "Petición"). Aseveró ser hermana del Sr. Pedro Fagot Bigas (el "Causante"), quien falleció en diciembre de

2022.  Alegó que el Causante no había testado y que, por tanto, ella era su única heredera.

En abril de 2023, el Sr. Emilio Fagot Rodríguez (el "Primo") presentó una *Moción Informativa y Solicitando Remedio Urgente* (la "Moción").  Solicitó la desestimación de la Petición, sobre la base de que el Causante había otorgado un testamento ológrafo (el "Testamento").  Añadió que, en enero de 2023, se había presentado una *Petición de Adveración y Protocolización de Testamento Ológrafo* ("Caso de Adveración", Núm. PO2023CV00216).

La Hermana se opuso a la Moción.  Arguyó que habían "ciertos momentos [en] que tanto la sucesión testada [como] la intestada pueden coexistir".  Planteó que el Testamento no necesariamente era "válido" o "legal".  Luego de varios trámites ulteriores, la Hermana sostuvo que, a pesar de que ya se había ordenado la adveración y protocolización del Testamento, en el mismo se mencionaron unos "bienes que no fueron legados a persona alguna".

Mediante una orden notificada el 27 de marzo de 2024, el TPI denegó la Moción (la "Orden").

El 11 de abril, el Primo solicitó la reconsideración de la Orden. Resaltó que ya el TPI había ordenado la adveración y protocolización del Testamento y que el mismo no había sido declarado nulo, por lo que debía desestimarse la Petición, pues la misma solo tiene cabida en ausencia de un testamento válido.  Planteó que, en el contexto de la Petición, no procedía litigarse la validez del Testamento.  De todas maneras, arguyó que el Testamento no era ineficaz, pues lo que corresponde es interpretarlo de la forma más compatible con la "intención del testador", en caso de entenderse que su voluntad se había plasmado de forma "imprecisa, deficiente o contradictoria".

Mediante una Resolución notificada el 22 de mayo, el TPI denegó la referida moción de reconsideración.  El TPI razonó que, como en la cláusula 5 del Testamento no se dispuso a quién

corresponderían ciertos bienes allí identificados, surgía una "insuficiencia" en el Testamento que resultaba en una "sucesión mixta". Dispuso que se emitiría entonces un dictamen sobre declaratoria de herederos "a los únicos fines de disponer quién o quiénes suceden al Causante en la porción de la herencia sobre la cual este no dispuso a través de testamento".

Inconforme, el 21 de junio, el Primo presentó el recurso que nos ocupa, en el cual reproduce lo planteado al TPI en cuanto a la improcedencia, en estas circunstancias, de la Petición. Señala, en particular, que las "relaciones" del Causante con la Hermana "eran prácticamente inexistentes" y que "los separaba un sentimiento de indignación del causante, así como [de] coraje por el trato que ella, su otra hermana y sus familiares le habían dispensado". Planteó que, a través del Testamento, interpretado este a la luz de la totalidad de su contenido y del contexto de las relaciones del Causante con la Hermana, el mismo resultó eficaz para instituir a otros familiares suyos (el Primo, otro primo hermano y una prima segunda) como las únicas personas que él deseaba que le heredaran.

El 25 de junio, le ordenamos a la Hermana mostrar causa por la cual no debíamos expedir el auto solicitado y revocar la Orden. El 3 de julio, la Hermana compareció; sostiene que el TPI "aquilató la prueba en el expediente" y así quedó convencido de que "habían bienes para los cuales el testador no designó herederos testamentarios, razón por la cual dichos bienes de[ben] regirse por las disposiciones de la sucesión intestada". Resolvemos.[1]

---

[1] La Hermana también solicitó la desestimación del recurso; concluimos que ello no procede. Contrario a lo planteado por la Hermana, no tiene pertinencia que, al notificársele copia del recurso por correo electrónico, la misma no estuviese sellada con la fecha y hora de presentación. Se trata de una omisión inconsecuente que de forma alguna ha afectado sus derechos. Tampoco tiene pertinencia que, al momento de presentarse el recurso, no fuese todavía revisable la Resolución final que el TPI también notificó el 22 de mayo (ello por la pendencia de una moción de reconsideración). Lo anterior no nos priva de jurisdicción sobre la determinación del TPI mediante la cual dicho foro denegó la Moción.

II.

Existen varios tipos de transmisión sucesoria, a saber, la testamentaria, la intestada y la mixta. Art. 1548 del Código Civil (2020), 31 LPRA sec. 10913. La sucesión testamentaria, es la que resulta de la voluntad declarada en un testamento. Art. 1549 del Código Civil (2020), 31 LPRA sec. 10914.

Por otro lado, la institución de herederos es la designación hecha en un testamento de la persona que sucederá al testador; como heredero o como legatario, en la titularidad de los bienes que integran la herencia. Art. 1659 del Código Civil, 31 LPRA sec. 11301. Es válido un testamento, aunque carezca de una institución de herederos o esta resulte ineficaz. Art. 1660 del Código Civil, 31 LPRA sec. 11302.

Por tanto, el testador puede conceder parte de sus bienes a favor de legatarios, en lugar de instituir herederos. Mediante el testamento, el testador puede ordenar, no sólo la manera de distribuir su patrimonio relicto, sino también designar a quienes habrán de ser los destinatarios de los bienes y las obligaciones que lo componen. E. González Tejera, *Derecho de Sucesiones: La sucesión intestada*, Editorial Universidad de Puerto Rico, 2001, T. I, págs. 51-52.

Por su parte, la sucesión intestada es aquella que establece la ley para cuando no existen o no rigen disposiciones testamentarias. Art. 1550 del Código Civil, 31 LPRA sec. 10915. Es decir, la sucesión intestada es un conjunto de normas que reglamentan la distribución del caudal hereditario de una persona que fallece sin testamento, o bien con un testamento que es total o parcialmente ineficaz. González Tejera, op. cit., pág. 52.

De este modo, ante la ineficacia parcial de un testamento, estaremos ante una sucesión mixta, es decir, la que resulta de la voluntad declarada en un testamento y, a la vez, de las disposiciones

pertinentes de ley.  Arts. 1551 y 1719 del Código Civil, 31 LPRA secs. 10916 y 11431.

## III.

La declaratoria de herederos constituye prueba del título de los interesados en los bienes relictos de un causante cuando este no dejó testamento, cuando el testamento es nulo en todo o en parte, o cuando este no dispone de todo el caudal. E. González Tejera, op. cit., pág. 409.  La declaratoria de herederos se obtiene a través de la presentación de una acción judicial al amparo de los Artículos 552 y 553 de la Ley de Procedimientos Legales Especiales, Código de Enjuiciamiento Civil. 32 LPRA secs. 2301–2302.

En esencia, el fin de una declaratoria de herederos es suplir la ausencia de una institución de herederos debidamente establecida por el causante mediante un testamento o, de haberlo otorgado, cuando este resulta nulo o ineficaz en todo o en parte, o no distribuye la totalidad del caudal. *Pueblo v. Flores Betancourt*, 124 DPR 867, 879 (1989). El Artículo 552 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2301, detalla el proceso y contenido de una petición de declaratoria de herederos.

En todo caso, el tribunal examinará la prueba documental presentada con la petición de declaratoria de herederos y dictará la resolución correspondiente.  Sin embargo, con carácter discrecional, podrá requerir prueba adicional o incluso señalar una vista, de estimarlo necesario.  Aun cuando se demuestre que una de las personas con derecho a la herencia es en efecto heredero del causante, si se desprende claramente de la prueba presentada que existen otros herederos preferentes, la petición debe declarase sin lugar.  *Ex parte Morales*, 17 DPR 1043 (1911).

La declaratoria de herederos se dicta sin perjuicio de terceros con mejores derechos. Es decir, la resolución no perjudicará a quienes no intervinieron en el procedimiento, pero quienes, según

la ley, tienen un derecho superior al de los peticionarios. E. González Tejera, op. cit., pág. 410. Por no convertirse en cosa juzgada, cualquier persona con interés como heredero puede instar un procedimiento ordinario dirigido a obtener la declaración de nulidad de la declaratoria. A su vez, los herederos que se enteren de un procedimiento de esta naturaleza del cual se les excluyó pueden y deben intervenir mediante moción al efecto aun después de la declaración del tribunal, sin tener que recurrir a un procedimiento contencioso ordinario e independiente para establecer su condición. Íd., pág. 411.

IV.

Concluimos que el récord no le permitía al TPI concluir, como lo hizo, que el Testamento era insuficiente por no haberse dispuesto en él de ciertos bienes. En primer lugar, no está claro que los bienes específicamente mencionados en la cláusula quinta del Testamento realmente existieran al fallecimiento del Causante.

En segundo lugar, y más importante aún, sin el correspondiente descubrimiento de prueba, y posiblemente un juicio en su fondo, el TPI no estaba en posición de adjudicar la controversia entre las partes sobre la suficiencia del Testamento. Por tanto, no era posible concluir, en esta etapa, que estamos ante una sucesión mixta.

Adviértase que el Primo sostiene que, debidamente interpretado, a la luz de su contenido **y de prueba extrínseca**, el Testamento dispone completamente y válidamente de los bienes del Causante. El TPI no podía, simplemente sobre la base de las alegaciones de las partes y del contenido del Testamento, adjudicar esta controversia.

Finalmente, tomamos conocimiento judicial de que existe una acción ordinaria en la cual esta controversia se está dilucidando. En efecto, la Hermana es co-demandante en la acción

SJ2024CV00586 (sobre *nulidad parcial de testamento; liquidación y partición de herencias; nombramiento de administrador; nivelación; daños y perjuicios*"), la cual se instó contra el Primo, entre otros demandados. Allí los demandantes alegan, en lo pertinente, que la Hermana es "heredera" del Causante porque este "no dispuso sobre la totalidad de los bienes del caudal hereditario en el [T]estamento ... dando margen así para la apertura e institución de una sucesión intestada en la cual ella es la única heredera" (párrafo 10 de la demanda).

Así pues, concluimos que el TPI erró al no desestimar la Petición, según solicitado en la Moción. El proceso de declaratoria de herederos, por su naturaleza, no es el vehículo idóneo para resolver la controversia en este caso en cuanto a la suficiencia del Testamento, particularmente cuando este asunto ya es objeto de controversia en una acción separada, de naturaleza ordinaria, que está en sus etapas iniciales, y en la cual tanto la Hermana como el Primo son partes.

V.

Por los fundamentos anteriormente expuestos, se expide el auto solicitado, se revoca la *Resolución* recurrida y se ordena la desestimación de la acción de referencia.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones