PETRA FAJARDO VDA. DE NAVARRO, peticionaria, *v.* TRIBUNAL DE DISTRITO DE SAN JUAN, HON. EMILIO S. BELAVAL, JUEZ, demandado; CAMILO GONZÁLEZ, interventor.

Núm. 10.—*Sometido:* Enero 10, 1949. *Resuelto:* Enero 17, 1949.

*Carlos D. Vázquez* y *Arnaldo P. Cabrera,* abogados de la peticionaria; *Otero Suro & Otero Suro,* abogados del interventor, demandado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Ante la Corte Municipal de San Juan instó Petra Fajardo vda. de Navarro demanda de desahucio contra Camilo González, alegando en ella fundamentalmente que es dueña de una propiedad urbana; que tiene cedida la misma al demandado mediante contrato de arrendamiento verbal de mes a mes por un canon de $40; que en julio 19 de 1948 notificó al demandado que daba por terminado el contrato de arrendamiento, ya que se propone retirar la casa "inmediatamente de inqui-

linato para repararla y venderla, toda vez que la demandante se propone establecer su residencia fuera de Puerto Rico." A esa demanda interpuso el demandado excepción previa de falta de hechos constitutivos de causa de acción y la misma fué declarada con lugar por la corte municipal. A instancias de la demandante la mencionada corte dictó sentencia en su contra y de la misma se apeló para ante el tribunal de distrito recurrido. Allí se reprodujo la excepción previa y dicho tribunal dictó resolución declarando con lugar la referida excepción y concediendo a la demandante diez días para enmendar su demanda. El nervio de su decisión fué que como la enmienda introducida a la Ley 464 de 25 de abril de 1946 (pág. 1327) por la núm. 24 de 21 de agosto de 1948 (Ses. Ext., pág. 239) exige que el demandante no podrá radicar su demanda hasta después de haber notificado por escrito de modo fehaciente al inquilino su intención de recobrar la propiedad con no menos de seis meses de antelación a la fecha de la presentación de la demanda de desahucio y en la demanda que tenía ante sí no se alegaba tal cosa, la misma dejaba de aducir hechos determinantes de una causa de acción. Una moción de reconsideración presentada por la demandante fué declarada sin lugar de plano por el tribunal inferior. Acudió entonces la demandante ante nos con una petición de *certiorari*.

■ Si bien ha sido práctica constante de este Tribunal no librar un auto de esta naturaleza para revisar la resolución de una corte inferior declarando con o sin lugar una excepción previa a la demanda, (*Collazo* v. *Corte*, 61 D.P.R. 291 y casos citados a la pág. 293([1])), sin embargo, tomando en consideración el hecho de que sin duda la misma cuestión planteada por la peticionaria estaba envuelta en innumerables casos de desahucio pendientes ante las cortes de distrito y municipales, haciendo uso de nuestra discreción y como una excepción a la regla expedimos el auto solicitado.

---

([1])*Cf. Pérez Segovia* v. *Tribunal de Distrito,* 69 D.P.R. 4.

██ La Ley 464 de 1946 especifica en su artículo 12–A, según éste fué enmendado por la núm. 201 de 14 de mayo de 1948 (págs. 575, 581) los casos en que el arrendador puede promover la acción de desahucio. Éstos, expuestos a grandes rasgos, son: (1) falta de pago; (2) conducta ilegal o inmoral del inquilino; (3) subarrendamiento de la propiedad sin autorización escrita del arrendador; (4) dedicarse la propiedad arrendada a propósito sustancialmente distinto al pactado; (5) causar el inquilino maliciosamente o por negligencia daños de consideración a la propiedad; (6) necesitar el arrendador la propiedad de buena fe o parte de ella para su uso personal como sitio de residencia; (7) necesitar el arrendador para sí de buena fe el local de comercio o negocio; y (8) proyectar el arrendador la demolición total o parcial del edificio arrendado para construir uno nuevo. El artículo 12–B, tal cual el mismo fué enmendado por la Ley núm. 24 de 21 de agosto de 1948 (Ses. Ext., pág. 239, 241), especifica los requisitos previos a ser llenados por el arrendador en cada una de las modalidades antes mencionadas bajo los números (1) al (8) y contiene en seguida dos párrafos que textualmente copiados rezan así:

"*En cualquier otro caso en que pueda promoverse la acción de desahucio bajo legislación insular o federal,* el demandante no podrá radicar su demanda hasta después de haber notificado por escrito de modo fehaciente al inquilino su intención de recobrar la propiedad con no menos de seis meses de antelación a la fecha de la presentación de la demanda de desahucio.

"*El tribunal decretará la suspensión del procedimiento en toda acción* en que no se hubiera hecho la notifi·· .ión previa aquí requerida hasta que transcurra el término de la misma." (Bastardillas nuestras.)

La causal de desahucio en que se basa la arrendadora en este caso no cae dentro de las especificadas por nuestra ley. La demanda se funda claramente en el inciso 5 de la sección 209(*a*) de la Ley Federal de Inquilinato de 1948 que autoriza tal acción cuando el arrendador trata de buena fe de reco-

brar la posesión de un local o vivienda con el fin inmediato de retirarlos del mercado de inquilinato. El de la peticionaria, en su consecuencia, es "otro caso en que puede promoverse la acción de desahucio bajo legislación . . . federal."

Incuestionablemente, el primer párrafo del artículo 12-B antes citado es un precepto de naturaleza procesal, ya que establece un requisito previo a la radicación de la demanda, que debe ser cumplido por todo demandante en acciones en que se solicita el lanzamiento de un inquilino o detentador de la propiedad. Ese requisito no está en forma alguna en pugna con el de la sección 209(c) de la Ley Federal de Inquilinato de 1948. Ésta provee que "ningún inquilino estará obligado a entregar la posesión de ninguna vivienda . . . hasta que hayan expirado por lo menos sesenta días después de haberle el arrendador notificado por escrito que desea recobrar la posesión de tal vivienda . . ." El estatuto nuestro fija un requisito previo a la radicación de la demanda, mientras que el precepto federal aludido meramente dispone que el inquilino o detentador no serán privados de la posesión de la vivienda que ocupan antes de que transcurran por lo menos sesenta días, contados a partir de la notificación que se les haga. Así pues, el término mínimo de sesenta días, fijado por la ley federal, está claramente comprendido en el de seis meses establecido por la ley insular. En otras palabras, nuestro estatuto exige el cumplimiento de cierto requisito con antelación al momento de iniciarse la demanda, mientras que el estatuto federal tan sólo establece el período mínimo que habrá de transcurrir entre la notificación al inquilino y su entrega de la posesión de la propiedad objeto del desahucio. No hay en verdad conflicto alguno entre uno y otro precepto. Ambos son perfectamente armonizables.(²)

---

(²)Véase por analogía el caso de *Trigo* v. *Tribunal de Distrito*, ante, pág. 373.

■ Según dijimos en *Ávila* v. *Tribunal de Distrito,* 68 D.P.R. 11, 19, 21, " . . . la Asamblea Legislativa insular tiene control exclusivo del remedio y procedimiento que desee proveer para los pleitos de desahucio. Puede disponer que el procedimiento sea sumario u ordinario. Y puede fijar términos razonables para cosas tales como la radicación de alegaciones y prórrogas para la ejecución de las sentencias. . . . . . está en libertad de disponer cualquier remedio o procedimiento razonable que elija para el ejercicio de ese derecho.'' Al establecer el requisito de que no podrá radicarse demanda de desahucio hasta después que transcurran seis meses de haberse notificado al inquilino de modo fehaciente la intención de recobrar la propiedad, el poder legislativo fijó un procedimiento que es a todas luces razonable. El término en él especificado concuerda con el anteriormente establecido por el Reglamento Federal de Inquilinato. Véase también el caso de *Ávila* v. *Tribunal,* supra, a la pág. 20.

■■ Ahora bien, sentado que el anterior requisito es un precepto de derecho adjetivo, ¿es el mismo aplicable a una acción que se halla pendiente a la fecha en que la ley enmendatoria de 21 de agosto de 1948 empezó a regir? Claramente que sí. Según repetidamente hemos decidido, las leyes de carácter procesal tienen efecto retroactivo y se aplican tanto a los casos pendientes a la fecha en que ellas empiezan a regir, como a los que se radican con posterioridad a su vigencia. *Martínez Fernández & Cía.* v. *García,* 68 D.P.R. 391, 396; *Royal Bank* v. *Tribunal de Contribuciones,* 65 D.P.R. 345, 350; *Vivó* v. *Medina,* 65 D.P.R. 874, 879; *López* v. *South P. R. Sugar Co.,* 62 D.P.R. 238, 243; *Mason* v. *White Star Bus Line,* 53 D.P.R. 337, 340. Desde luego, en materia de interpretación de leyes el objeto primordial no es conseguir un objetivo arbitrario preconcebido, sino dar efecto al propósito del legislador. Tal propósito en este caso ha sido claramente que dicho requisito sea aplicable a acciones pendientes. Así lo ratifica de manera palmaria el segundo párrafo de los dos antes citados. A virtud del mismo se

482

autoriza al tribunal a suspender los procedimientos *en toda acción* en que no se hubiere hecho la notificación previa requerida hasta que transcurra el término de seis meses fijado por el párrafo que le precede.

■ Bajo estas circunstancias, el tribunal a quo al plantearse la cuestión de falta de hechos determinantes de una causa de acción en la demanda estuvo enteramente en lo cierto al resolver que la excepción previa debía ser sostenida, puesto que si bien en la demanda se alegaba que el demandado había sido notificado en julio 19 de 1948 del deseo de la demandante de dar por terminado el contrato de arrendamiento para retirar la casa del mercado de inquilinato, sin embargo ella debía tomar conocimiento de que desde la indicada fecha hasta el 5 de agosto siguiente en que se radicó la demanda, no había transcurrido el período de seis meses que como requisito previo a la iniciación de un procedimiento de desahucio exige la ley 24 de 1948, supra. Desde luego, al solicitárselo cualquiera de las partes, la corte también pudo, fundada en la misma ley, decretar la suspensión de los procedimientos hasta la expiración del indicado término de seis meses.

*Debe anularse el auto expedido y devolverse el caso al tribunal recurrido para ulteriores procedimientos no inconsistentes con esta opinión.*