GERARDO PÉREZ, peticionario, *v.* TRIBUNAL DE DISTRITO DE SAN JUAN, HON JESÚS A. GONZÁLEZ, JUEZ, demandado; VIRGINIA TRANUM, interventora.

Núm. 21.—*Sometido:* Noviembre 9, 1949. *Resuelto:* Diciembre 9, 1949.

*Miguel Marcos Contreras,* abogado del peticionario; *Brown, Newsom & Córdova,* abogados de la interventora.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Con fecha 15 de noviembre de 1948 Virginia Tranum Pereyó radicó ante el Tribunal de Distrito de San Juan demanda de "desahucio en precario" contra Gerardo Pérez. En ella alegó ser dueña de una finca urbana situada en Santurce, que describe en la demanda; que con anterioridad al día en que adquirió dicho inmueble el mismo había sido cedido en arrendamiento por su anterior dueña a Aníbal Ruiz Virella y René de la Cruz, quienes a su vez habían subarrendado parte de la primera planta al demandado Gerardo Pérez, mediante contrato verbal de mes a mes; que en 1 de octubre de 1948 ella y los arrendatarios Ruiz y de la Cruz dieron por terminado el contrato de arrendamiento existente ([1]) y que ella nunca aceptó ni consintió, tácita ni expresamente, el contrato de subarrendamiento existente entre éstos y el demandado; que notificó por escrito al demandado en 21 de octubre de 1948 que habiendo cesado el arrendamiento de Ruiz y de la Cruz, cesaba también el derecho del demandado a ocupar el local que éste tenía y le requirió para que lo des-

---

([1]) De los autos surge que la rescisión del contrato de arrendamiento tuvo lugar el mismo día que la demandante adquirió la propiedad aquí envuelta.

alojara a más tardar el 31 de octubre, cosa que se ha negado a hacer el demandado; y que éste ocupa el referido local para su negocio de barbería precariamente,([2]) sin contrato o derecho alguno, y en contra de la voluntad de la demandante.

Emplazado el demandado éste alegó en una excepción previa que la demanda no aducía una causa de acción, contestó además y aceptó los hechos expuestos en la demanda, pero negando las alegaciones de que la demandante jamás había aceptado ni consentido tácita o expresamente al subarrendamiento y de que él ocupara el local precariamente. También alegó como defensa especial que él ocupaba dicho local a virtud de un contrato de arrendamiento celebrado con Aníbal Ruiz Virella y René de la Cruz; que la demandante tenía conocimiento del contrato de subarrendamiento y que ella jamás protestó del mismo, consintiendo de ese modo tácitamente al subarrendamiento.

Así las cosas, en 29 de noviembre de 1948 se radicó ante el Tribunal de Distrito de San Juan una estipulación suscrita tanto por las partes mismas como por sus respectivos abogados. En ella se hizo constar que el demandado admitía los hechos alegados en la demanda y estaba conforme con que se dictara sentencia en su contra y a favor de la demandante y decretando que él devolviera y dejara a la libre disposición de la demandante el local que ocupa en el inmueble mencionado en la demanda "dentro del término de seis meses a contar del día 10 de diciembre de 1948"; y que el demandado pagaría como compensación justa y razonable por el uso del local durante el indicado término una cantidad mensual igual a la que había venido pagando hasta entonces; y suplicaban a la corte dictara sentencia de conformidad con los términos de la misma, así como que la sentencia fuera firme desde la fecha en que se dictara.

---

([2])Se trataba más bien de un desahucio por detentación. Véase *Miranda* v. *Corte*, 63 D.P.R. 161.

En 7 de abril del año en curso el tribunal inferior dictó sentencia de conformidad con lo estipulado. Sin embargo, en 4 de mayo siguiente el demandado, representado por distinto letrado, radicó ante el mismo tribunal una ''Moción para que se deje sin efecto la estipulación y sentencia y se decrete la suspensión de los procedimientos.'' En esa moción, luego de reseñarse los hechos que en lo pertinente se han expuesto en el curso de esta opinión, se alegan entre otras cosas que aunque ello no surge de las alegaciones, el objeto de la demanda es desalojar al demandado para proceder a ampliar el negocio de la madre de la demandante que está contiguo a la barbería del demandado; que en la estipulación no hubo causa o consideración y sólo fué aceptada por él ante el temor de ser desalojado en un plazo breve; que la demandante no cumplió con las disposiciones de la sección 7(e) del artículo 12A de la Ley de Alquileres Razonables, ya que no le notificó por escrito en forma fehaciente la necesidad que ella tenía de ocupar para sí el local ni le requirió para que lo desalojara, todo ello con seis meses de antelación por lo menos a la fecha en que se radicó la demanda; que el tribunal actuó sin jurisdicción al dictar sentencia a base de una estipulación que era contraria a la ley; y que a la demandante le constaba que él ocupaba el local en cuestión mediante contrato por él celebrado con Ruiz y de la Cruz. Señalada para vista dicha moción, la demandante se opuso por escrito y luego de oírse a las partes el tribunal a quo dictó resolución declarando la misma sin lugar. Para revisar esa resolución expedimos un auto de *certiorari*.

El primer fundamento de la demandante para oponerse tanto a la moción radicada por el demandado en el tribunal inferior como al auto de certiorari que está ante nos es que la sentencia dictada por dicho tribunal en 7 de abril de 1949 es *res judicata*. Le asiste la razón. La sentencia dictada a virtud de la estipulación sometida por las partes

tiene el mismo alcance y la misma eficacia que la que se dicta en un caso visto en sus méritos. Semejante sentencia por estipulación no puede ser atacada colateralmente, a menos que la corte que la dictó lo hiciera sin tener jurisdicción sobre las partes o sobre la materia. *Suárez* v. *Betancourt,* 64 D.P.R. 469; *Valdés* v. *Hastrup,* 64 D.P.R. 595; *Ex parte Morales,* 17 D.P.R. 1043; *Stoll* v. *Gottlieb,* 305 U.S. 165, 176; *Swift & Co.* v. *United States,* 276 U.S. 311, 72 L. ed. 587; *Walling* v. *Miller,* 138 F.2d 629; *Malone* v. *Meres,* 109 So. 677; Freeman *on Judgments,* vol. 3, 5ta. edición, sección 1350, pág. 2773; 49 C.J.S. sección 178, pág. 317; 31 Am. Jur., secciones 576 y 583, págs. 175 y 181.

Teniendo ese principio ante nos, pasemos a considerar en seguida si en el presente caso el tribunal recurrido tuvo jurisdicción tanto sobre las partes como sobre la materia y si se trata de un ataque directo o por el contrario si el ataque que se le hace a la sentencia es colateral. En cuanto a jurisdicción sobre las partes, es incuestionable que el tribunal inferior la tuvo. La demandante acudió ante dicho tribunal y se sometió a su jurisdicción. El demandado fué debidamente citado y compareció por escrito, interponiendo excepción previa a la demanda, contestando a la misma y suscribiendo posteriormente la estipulación a que tantas veces nos hemos referido. El tribunal inferior adquirió así jurisdicción sobre su persona. Artículo 77, incisos 2 y 3 del Código de Enjuiciamiento Civil. En lo que a jurisdicción sobre la materia concierne, es innegable igualmente que el tribunal a quo la tuvo. No se trataba precisamente de un desahucio en precario sino de un desahucio por detentación,(3) en que existiendo un contrato previo de subarrendamiento la totalidad de la propiedad es vendida a la aquí demandante y ésta y los arrendatarios de la anterior dueña rescinden el contrato de arrendamiento preexistente y en que la nueva adquiriente

---

(3)Véase la nota 2.

alega no haber reconocido nunca el subarrendamiento. Todo esto lo acepta el demandado en la estipulación. Al adquirir, la demandante tenía derecho a entablar ante la corte de distrito acción de desahucio contra el demandado, ya que no reconocía la existencia de contrato alguno entre ellos. Artículo 1461 del Código Civil, ed. de 1930; *Carrasquillo* v. *Ripoll, y Montalvo, Int.*, 56 D.P.R. 318; sección 3, párrafo 2 de la Ley de Desahucio, artículo 622 del Código de Enjuiciamiento Civil, ed. de 1933.

■■ Por otra parte, la acción así entablada no cae bajo ninguna de las modalidades especificadas en el artículo 12 A de la Ley núm. 464 de 25 de abril de 1946 ( (1) pág. 1327), conocida por Ley de Alquileres Razonables, según dicho artículo fué enmendado por la Ley núm. 201 de 14 de mayo de 1948 ((1) pág. 575). No cayendo la acción de desahucio entablada bajo ninguna de las modalidades del artículo 12 A supra, es menester acudir al artículo 12 B de la mencionada Ley, según el mismo fué enmendado por la núm. 24 de 21 de agosto de 1948, pág. 239, el cual en lo esencial provee:

*"En cualquier otro caso en que pueda promoverse la acción de desahucio bajo legislación insular* o federal, el demandante no podrá radicar su demanda hasta después de haber notificado por escrito de modo fehaciente al inquilino su intención de recobrar la propiedad con no menos de seis meses de antelación a la fecha de la presentación de la demanda de desahucio.

*El tribunal decretará la suspensión del procedimiento en toda acción en que no se hubiera hecho la notificación previa aquí requerida hasta que transcurra el término de la misma."* (Bastardillas nuestras)

El iniciado por Virginia Tranum es un recurso que cae de lleno dentro de los preceptos del artículo 12 B antes copiado. La demanda en el caso, conforme ya hemos indicado, fué radicada el 15 de noviembre de 1948 y en ella se alegó específicamente que la demandante había notificado al demandado el día 21 de octubre del mismo año. Se desprendía de la

propia faz de la demanda que cuando ésta se radicó no había transcurrido el término de seis meses de que habla el artículo 12 B, contado a partir de la fecha en que el demandado fué notificado. No dice la ley, sin embargo, que en casos de esta naturaleza cuando la demanda se radica antes de expirado dicho período la corte carecerá de jurisdicción para conocer del pleito. Lo que sí dice es que los procedimientos serán suspendidos hasta que transcurra el término de seis meses. Esto claramente indica que la corte tiene jurisdicción para conocer del litigio, puesto que de no tenerla no podría asumirla para suspender los procedimientos y lo único que podría hacer sería declararse sin jurisdicción. *Fajardo* v. *Tribunal de Distrito*, 69 D.P.R. 476; *López* v. *Pérez*, 68 D.P.R. 312, 315. Además, como cuestión de hecho en este caso transcurrieron los seis meses de que habla la ley, ya que el demandado fué notificado por la demandante en octubre 21 de 1948 de su deseo de recuperar la propiedad y el tribunal inferior no dictó sentencia hasta el 7 de abril siguiente, para tener efecto la misma en junio 10 de 1949. Así, pues, no hay duda de que el tribunal tenía jurisdicción para dictar sentencia en la forma en que lo hizo.

■■ Determinado que el tribunal tuvo jurisdicción tanto sobre las partes como sobre la materia objeto del pleito, pasaremos a resolver en seguida si el ataque hecho por el demandado a la sentencia fué un ataque directo o por el contrario un ataque colateral. Según la jurisprudencia y los tratadistas un ataque directo es aquél que dentro del mismo pleito se hace a la sentencia mediante cualquiera de los procedimientos autorizados por ley, como por ejemplo a través de apelación, moción de nuevo juicio o moción de reconsideración, siempre desde luego que tal ataque se haga dentro del período de tiempo fijado por la ley. 49 C.J.S., sección 408, pág. 805. Si el ataque a la sentencia se hace en cualquiera otra forma, bien sea en procedimiento independiente, ante

otra corte, o fuera del término concedido por la ley, ese ataque se considera como colateral. Freeman *on Judgments,* vol. 1, 5ta. ed., secciones 277 y 306, págs. 547 y 604. En el presente caso el ataque a la sentencia se hizo ante la misma corte y dentro del mismo procedimiento, pero cuando ya la sentencia era firme e inapelable, no sólo de acuerdo con los propios términos de la estipulación, si que también porque aún en ausencia de tal constancia el término de cinco días concedido por la ley para apelar en casos de esta naturaleza ya había expirado, al igual que los términos para presentar moción de nuevo juicio o de reconsideración. Artículos 220 y 292 del Código de Enjuiciamiento Civil.

Teniendo la corte jurisdicción sobre la materia y sobre las partes y siendo el ataque hecho por el demandado uno de carácter colateral, la sentencia dictada en el caso resulta ser cosa juzgada. La corte inferior actuó acertadamente al así resolverlo.

El caso de *Cintrón* v. *Corte,* 67 D.P.R. 793, citado por las partes, es distinguible del presente. Si bien es cierto que en él se dictó igualmente sentencia por estipulación en pleito de desahucio, antes de ejecutarse la misma la Asamblea Legislativa aprobó una ley suspendiendo todos los procedimientos de desahucio que no se ajustasen a las condiciones y términos de ella. Resolvimos allí que a virtud de esa ley y no habiendo terminado el procedimiento la sentencia dictada debía suspenderse. En el presente recurso, sin embargo, no hay ley posterior alguna que afecte los derechos de las partes.

Dadas las consideraciones anteriores se hace innecesario discutir las demás cuestiones planteadas por el peticionario.

*Debe anularse el auto expedido.*