CARLOS UBIÑAS y CONCEPCIÓN BURGOS DE UBIÑAS, demandantes y recurridos, *v.* NORBERTO MEDINA, demandado y recurrente.

*Número*: R-63-260      *Resuelto*: 19 de diciembre de 1963

*Marcos & Bernier,* y *Omar Cancio Sifre,* abogados del recurrente; *Ángel Viera Martínez,* abogado de los recurridos.

Sala integrada por el Juez Asociado Señor Blanco Lugo como Presidente Accidental de Sala y los Jueces Asociados Señores Dávila y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

El recurrente Norberto Medina ocupaba un local destinado a comercio en un inmueble propiedad de los recurridos mediante contrato de arrendamiento cuyo término expiraba en 6 de mayo de 1962. A los fines de cumplir con el inciso 7(e) del Art. 12-A de la Ley de Alquileres Razonables, 17 L.P.R.A. sec. 193, en 4 de noviembre de 1961 los recurridos le notificaron a Medina de su intención de recobrar el local por necesitarlo para sí, de buena fe, y en su consecuencia le requirieron para que, llegado el vencimiento contractual, procediera a desalojarlo. La demanda de desahucio se presentó en 18 de julio de 1962. El día señalado para la vista—19 de septiembre siguiente—las partes estipularon que se dictara sentencia declarando con lugar la demanda sujeta a que se fijara un año como término para su ejecución. Así lo dispuso el tribunal de instancia. Sobre el alcance de una sentencia por estipulación, véase, *Pérez* v. *Tribunal de Distrito,* 70 D.P.R. 656 (1949).

Cuando solamente faltaban dos días para que, conforme a la sentencia que era firme, se ordenara la ejecución mediante la expedición de la correspondiente orden de lanzamiento, el recurrente Medina acudió ante el tribunal sentenciador en solicitud para que se dejara sin efecto la sentencia aduciendo diversas razones para ello. ([1]) En una extensa y bien elaborada resolución de fecha 31 de octubre el tribunal a quo declaró sin lugar esta moción, por lo cual se recurrió ante este Tribunal mediante un recurso que se intituló de revisión. Considerada la solicitud como una petición de *certiorari*, ([2]) la denegamos en 14 de noviembre, así como la solicitud de reconsideración que se presentó en relación con nuestra resolución.

En 21 de noviembre la parte recurrente presentó una moción en la cual manifestó que "ha decidido radicar un recurso de *certiorari* ante el Honorable Tribunal Supremo de Estados Unidos, por lo que suplica . . . [se] retenga el mandato de este caso durante el período de noventa (90) días que dispone la ley para radicar una petición de *certiorari* . . ." e informó que había iniciado las gestiones para la traducción de

---

([1]) Los motivos alegados fueron los siguientes: (a) conducta impropia de la parte demandante consistente en haber hecho representaciones falsas sobre la necesidad de ocupar el local, lo que constituía un "fraude" al tribunal; (b) existencia de un convenio entre las partes para concederle al demandado el término que fuese necesario para que resolviera los problemas que le creaba el traslado de su establecimiento de joyería, irrespectivamente del plazo de un año expresamente ·estipulado y anunciado al Tribunal; y, (c) falta de jurisdicción sobre la materia consistente en que la notificación con seis meses de antelación a que hemos hecho referencia se cursó antes de haber vencido el término contractual y cuando aún estaba vigente la relación arrendaticia entre las partes.

Tratándose de una sentencia que había sido *registrada* desde hacía más de seis meses es claro que los fundamentos de fraude y error o inadvertencia que se adujeron no podían ser levantados dentro del mismo pleito mediante moción para que se dejara sin efecto la sentencia. Regla 49.2 de las de Procedimiento Civil de 1958; *Banco Popular* v. *Tribunal Superior*, 82 D.P.R. 242 (1961).

([2]) Por no tratarse de una sentencia final sino de una resolución dictada después de sentencia el recurso procedente era el de *certiorari*. Incisos (b) y (e) de la Sec. 14 de la Ley de la Judicatura, según enmendada por la Ley Núm. 115 de 26 de junio de 1958, 4 L.P.R.A. (Supl. 1962) sec. 37.

los autos. No indicó las cuestiones que intentaba señalar ante el Tribunal Supremo federal ni ofreció prestar fianza por una cantidad razonable para responder a los recurridos de los daños que pudieran causárseles por la demora en la ejecución de la sentencia, si en definitiva no prevalecía. Los recurridos se opusieron a la solicitud de retención. Señalamos una vista para oír a las partes.

■ 1—La revisión de nuestras sentencias finales por el Tribunal Supremo federal, bien por apelación o mediante *certiorari*, está autorizada por la Sec. 1258 del Título 28 del Código de Estados Unidos, que dice así:

"Las sentencias o decretos finales dictados por el Tribunal Supremo del Estado Libre Asociado de Puerto Rico podrán ser revisados por la Corte Suprema en la forma siguiente:

"(1) Mediante apelación, cuando se impugna la validez de un tratado    de Estados Unidos y la decisión es contraria a su validez.

"(2) Mediante apelación, cuando esté envuelta la validez de una ley del Estado Libre Asociado de Puerto Rico por ser contraria a la Constitución, tratados, o leyes de Estados Unidos, y la decisión sostiene su validez.

"(3) Mediante *certiorari*, cuando esté envuelta la validez de un tratado o una ley de Estados Unidos o cuando esté envuelta la validez de una ley del Estado Libre Asociado de Puerto Rico por ser contraria a la Constitución, tratados, o leyes de Estados Unidos, o cuando se reclama cualquier título, derecho, privilegio o inmunidad bajo la Constitución, tratados, o leyes de, o bajo una comisión desempeñada o facultad ejercitada bajo, los Estados Unidos."

Los incisos (c) y (f) de la Sec. 2101 del Código Judicial, 28 U.S.C. sec. 2101, fijan el término para la radicación de la apelación o la presentación de la petición de *certiorari* y autorizan la solicitud para que se paralicen los procedimientos:

"(c) Cualquier otra apelación [excluyendo una apelación directa de cualquier decisión bajo las Secs. 1252, 1253 y 2282 del Título 28 mediante la cual se declare inconstitucional una ley del

Congreso y cualquier apelación directa al Tribunal Supremo federal de sentencias de las cortes de distrito federales autorizada por la ley] o recurso de certiorari para que la Corte Suprema revise cualquier sentencia o decreto en una acción, pleito o procedimiento de naturaleza civil deberá radicarse o solicitarse dentro de noventa días del registro de dicha sentencia o decreto. Un magistrado de la Corte Suprema, por justa causa, podrá prorrogar el término para solicitar un auto de certiorari por un período adicional que no exceda de sesenta días.

"(d) . . .

"(e) . . .

"(f) En cualquier caso en que una sentencia final o decreto de un tribunal esté sujeto a revisión por la Corte Suprema mediante recurso de certiorari, la ejecución de dicha sentencia o decreto podrá paralizarse por un término razonable a los fines de permitir a la parte afectada que obtenga la expedición del auto por la Corte Suprema. La paralización de los procedimientos podrá ser concedida por un juez de la corte que haya emitido la sentencia o decreto o por un juez de la Corte Suprema, y podrá ser condicionada a que se preste fianza, sujeta a la aprobación de dicho juez, para garantizar el pago de los daños y costas que la parte contraria pueda sufrir o incurrir en caso de que la parte afectada no presente la solicitud para la expedición del auto dentro del término concedídole, o no obtenga la expedición del auto, o no prevalezca en sus alegaciones ante la Corte Suprema."

La Regla 27 del Reglamento del Tribunal Supremo federal, 28 U.S.C. *Rules* (Supl. 1962) pág. 20, relativa a la paralización de los procedimientos mientras se encuentra pendiente la tramitación de una petición de *certiorari*, [3] reza así:

"Las solicitudes presentadas a un juez de este tribunal al amparo de la sección 2101(f) del Título 28 del Código de Estados Unidos no serán normalmente consideradas a menos que se haya solicitado la paralización de los procedimientos a un juez de la corte que haya emitido la decisión que se intenta revisar, o a dicho tribunal, o a menos que la fianza ofrecida haya

---

[3] Para la paralización de los procedimientos mientras se encuentra pendiente la tramitación de un recurso de apelación, véase, la Regla 18 del Reglamento del Tribunal Supremo federal, 28 U.S.C. Rules (Supl. 1962) pág. 12.

sido desaprobada por dicho juez o corte. Estas solicitudes se regirán por las Reglas 50 y 51."

■ 2—Comenzamos por señalar que la paralización de los procedimientos mediante la retención del mandato es una cuestión que descansa en nuestra sana discreción, y que la mera presentación de un escrito indicando el propósito de apelar o de solicitar revisión por *certiorari* ante el Tribunal Supremo federal no inhibe *ipso jure* el cumplimiento por el secretario de este Tribunal de las obligaciones que sobre remisión de mandatos le impone la Regla 21 de nuestro Reglamento, 4 L.P.R.A. AP. I, R. 21, pág. 1000. [4] *Goldsby* v. *State*, 120 So.2d 297 (Miss. 1966), *cert. den.* 365 U.S. 861 (1961); *Fidelity & Deposit Co. of Maryland* v. *Davis*, 127 F.2d 780 (4th Cir. 1943); *State ex rel. Muslow* v. *Louisiana Oil Refining Corporation*, 177 So. 276 (La. 1938), conf. 304 U.S. 197 (1938). Stern y Gressman en su obra clásica *Supreme Court Practice* (3a. ed. 1962), afirman que "La negativa del tribunal inferior a retener su propio mandato, una vez considerado el caso, es esencialmente una actuación discrecional, y como casi todas las actuaciones discrecionales, merece deferencia prima facie, y será dejada sin efecto únicamente en caso de que sea claramente errónea" (pág. 426).

■ Dos factores principales deben ser considerados para resolver si en definitiva procede ordenar la retención del mandato, y, por tanto, detener la ejecución de la sentencia: (1) Los daños irreparables que pueden causarse al solicitante, pero los daños tienen que ser reales e inevitables, y en último análisis, deben considerarse conjuntamente con los intereses públicos y privados envueltos, incluyendo los daños a la parte contraria; (2) la probabilidad de causar daños al solicitante

_____

[4] "(a) Diez días después de haber sido notificada a las partes la resolución o sentencia dictada en el caso, el secretario enviará el mandato al tribunal inferior, a no ser que se haya ordenado su retención o se radique una moción de reconsideración. Al resolverse la moción de reconsideración, el mandato se enviará a los tres días de notificada la resolución en cuanto a la reconsideración . . ."

no es decisiva para lograr la retención del mandato, a menos que las cuestiones que se plantean tengan una oportunidad razonable de ser revisadas por el Tribunal Supremo federal, o sea, que sean suficientemente importantes como para poder afirmarse que cuatro magistrados de la Corte Suprema ejercitarían su discreción en forma favorable a la expedición. Stern y Gressman, *op. cit.*, págs. 429 y 430, dicen que entre las circunstancias que se han considerado pertinentes para determinar la propiedad de una orden de retención de mandato están las siguientes: (a) la importancia y novedad de las cuestiones planteadas; (b) el carácter drástico de la sentencia; (c) la existencia de controversias similares en otros casos pendientes ante el mismo tribunal; (d) la existencia de razones sustanciales que tiendan a demostrar que las determinaciones fácticas de los tribunales inferiores son claramente erróneas; (e) *en un caso procedente de una corte estatal, la presencia o ausencia de una cuestión federal;* (f) una consideración de la justicia natural o equidad envuelta en el caso.(⁵)

---

(⁵) La Regla 19(1) del Tribunal Supremo federal, 28 U.S.C. *Rules* (Supl. 1962), pág. 13, relativa a las circunstancias que gobiernan la revisión mediante *certiorari*, dispone que:

"1—Una revisión mediante certiorari no es un derecho del peticionario, sino una materia de sana discreción judicial, y será únicamente concedida cuando concurran razones especiales e importantes para ello. Los siguientes, aunque no controlan ni limitan totalmente la discreción de la corte, indican la naturaleza de las razones que serán consideradas:

"(a) Cuando un tribunal estatal ha decidido una cuestión federal sustancial que no ha sido previamente resuelta por esta corte, o la ha resuelto en forma probablemente inconsistente con las decisiones de esta corte.

"(b) Cuando una corte de apelaciones ha emitido una decisión conflictiva con la decisión de otra corte de apelaciones sobre la misma materia; o ha decidido una cuestión federal importante que no ha sido, pero debe ser, resuelta por esta corte; o ha decidido una cuestión federal en forma contraria a las decisiones aplicables de esta corte; o se ha apartado de los procedimientos judicales usuales y ordinarios, o ha sancionado que una corte inferior se haya apartado de tales procedimientos, en forma tal que haga aconsejable el ejercicio del poder de supervisión de esta corte."

Expuesta así brevemente la ley aplicable y su interpretación judicial, forzoso es concluir que en el presente caso no se plantea ni una semblanza de una cuestión federal que pueda razonablemente anticiparse que lograría el ejercicio de la discreción por cuando menos cuatro magistrados del Tribunal Supremo federal, pues en la vista celebrada en la tarde del pasado lunes todo cuanto pudo anunciar el recurrente como planteamiento de pretendida naturaleza constitucional se refiere a que la notificación de la intención de ocupar el local comercial se hizo antes y no después de que expirara el término contractual del arrendamiento.(6) Ni aun haciendo el mayor esfuerzo de imaginación puede concebirse un planteamiento más frívolo y desprovisto de méritos, y que tenga menos tangencia con una "cuestión federal." *Sklaroff* v. *Stevens*, 120 A.2d 694 (R.I. 1956). Por otro lado, todas las circunstancias concurrentes demuestran que si algunos daños se le causarán si no se retiene el mandato son consecuencia de su propia temeridad pues el término que originalmente se le concedió para desalojar le permitía hacer a tiempo los arreglos necesarios para el traslado de su negocio. Se trata llana y simplemente de un esfuerzo adicional mediante el ejercicio de los procedimientos judiciales para demorar la ejecución de la sentencia que expresamente convino. El auxilio de la discreción de este Tribunal para ese propósito no puede invocarse. Cf. *Fournier* v. *González*, 80 D.P.R. 353 (1958). El trámite ordenado y expeditivo de la litigación requiere que no accedamos a la retención del mandato.

*Se declarará sin lugar la moción sobre retención de mandato y se procederá por el Secretario a cumplir con las disposiciones aplicables de nuestro Reglamento.*

---

(6) Esta cuestión está resuelta en forma adversa al recurrente en nuestras opiniones en *Pérez* v. *Tribunal de Distrito*, supra; y *Fajardo* v. *Tribunal de Distrito*, 69 D.P.R. 476 (1949).